J-S60003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARVIN JONES, | |
| Appellant | No. 3585 EDA 2015 |

Appeal from the PCRA Order November 2, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000895-2006

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 28, 2016**

Appellant, Marvin Jones, appeals from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On March 20, 2008, a non-jury trial was held in front of The Honorable [. . .] Patricia H. Jenkins.  Petitioner was found guilty of the following charges:  Information A:  possession with intent to deliver[1], Information B: possession of a controlled substance[2] and Information C:  possession of drug paraphernalia[3].
>
> [1] 35 [P.S.] §780-113(a)(30).

_____

[*]  Retired Senior Judge assigned to the Superior Court.

- 1 -

[2] 35 [P.S.] §780-113(a)(16).

[3] 35 [P.S.] §780-113(a)(32).

On April 28, 2008, Petitioner was sentenced as follows: Information A: seven to fourteen years in a state correctional facility and on Information C: one year of state probation concurrent to Information A.[4] Petitioner did not file any post-sentence motions.

[4] Information B merged with Information A for purposes of sentencing.

Petitioner filed a timely notice of appeal to the Pennsylvania Superior Court on May 28, 2008. The Superior Court affirmed Petitioner's judgment of sentence on December 31, 2009[,] 1547 EDA 2008. On February 1, 2010, Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on June 24, 2010[,] 88 MAL 2010.

Petitioner filed a PCRA Petition on February 27, 2014. The case was re-assigned to this Court who appointed PCRA counsel on March 31, 2014. On May 30, 2014, counsel was granted a continuance. On June 30, 2014, PCRA counsel submitted an application to withdraw as counsel and a no merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and *Commonwealth. v. Turner*, 544 A.2d 927 ([Pa.] 1988). After review of PCRA Counsel's documents, the record, and Petitioner's PCRA Petition, this Court agreed with PCRA counsel that the Petition was untimely and this Court issued a notice of intent to dismiss without a hearing on July 2, 2014 and granted counsel's request to withdraw.

Petitioner responded to the notice of intent to dismiss on July 10, 2014 and July 17, 2014. This Court issued an Order dismissing the Petition on July 28, 2014. Petitioner appealed on August 15, 2014. This Court issued a 1925(b) Order on August 21, 2014, which Petitioner responded to on September 2, 2014. This Court filed its Opinion on October 10, 2014.

In a non-precedential decision filed on March 30, 2015, the Superior Court stated it agreed with [the trial court's] sound reasoning and affirmed on that basis. In addition, the Superior

Court noted that even if Appellant had filed his petition within the sixty-day period specified by Section 9545(b)(2) following the decision in *Alleyne*, Petitioner still would not be eligible for relief because *Alleyne* does not apply retroactively to cases on PCRA review. *Commonwealth v. Miller*, 102 A.2d 988, 995 (Pa. Super. 2014). Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court which he later withdrew.

On August 12, 2015, privately retained counsel for Appellant filed a second Post-Conviction Relief Act Petition. Counsel filed a [supplement] to her petition on August 13, 2015.

\* \* \*

This [c]ourt filed a notice of intent to dismiss on October 8, 2015. Counsel responded on October 19, 2015. This [c]ourt dismissed the Petition on November 2, 2015. Counsel filed an appeal on November 20, 2015. This [c]ourt did not issue a 1925(b) order because the sole issue at hand is whether this [c]ourt erred in dismissing the petition which included only one issue, the legality of the mandatory minimum sentence.

Trial Court Opinion, 12/7/15, at 1-4 (internal footnote omitted).

Appellant presents the following issues for our review:

Whether the PCRA Court erred when it denied the PCRA petition as untimely?

Whether the [**Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015)] decision is automatically retroactive to collateral review because it is the first interpretation by the State's highest court of the constitutionality of criminal statutes authorizing the imposition of mandatory sentences on a class of criminal defendants or because it narrows the classes of people subject to increased punishment under [**Montgomery v. Louisiana**, 136 S.Ct. 718 (2016)] / [**Welch v. United States**, 136 S.Ct. 1257 (2016)].

Whether the PCRA Court erred when it did not exercise its inherent jurisdiction and vacate a sentence that is illegal, unconstitutional and void?

Appellant's Brief at 1-2.

- 3 -

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed

- 4 -

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant was sentenced on April 28, 2008. Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence on December 31, 2009. *Commonwealth v. Jones*, 1547 EDA 2008, 990 A.2d 47 (Pa. Super. filed December 31, 2009). Appellant filed a petition for allowance of appeal which was denied on June 24, 2010. *Commonwealth v. Jones*, 88 MAL 2010, 997 A.2d 1176 (Pa. June 24, 2010). Appellant did not file a petition for writ of *certiorari*.

*(Footnote Continued)* ───────────────

[1] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Accordingly, Appellant's judgment of sentence became final on September 22, 2010, when the time for seeking *certiorari* from the United States Supreme Court expired.[2]  **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").  Therefore, Appellant had to file the current PCRA petition by September 22, 2011, in order for it to be timely.  Appellant did not file the instant PCRA petition, his second, until August 12, 2015.  Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA.  42 Pa.C.S. § 9545(b)(1).  If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted.  42 Pa.C.S. § 9545(b)(2).  This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence.  **See**

**Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA,

---

[2]  Appellant had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file a petition for a writ of *certiorari* with the United States Supreme Court.  **Commonwealth v. Hackett**, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

In his petition, Appellant argues that he is eligible for relief because:

> the sentence was based on unconstitutional statutes in violation of the Due Process Clause of the Fourteenth Amendment and *Commonwealth v. Hopkins*, 2015 PA Lexis 1282 (6/15/15) which interpreted *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) to mean that Pennsylvania statutes imposing mandatory minimums based on facts found by a judge based on a preponderance of the evidence were (and are) unconstitutional.

PCRA Petition, 8/12/15, at 1-2. Appellant further alleges that "the conviction was obtained and sentence imposed in violation of *Alleyne* . . . [because] the prosecution did not produce a lab report proving the nature and weight of the controlled substance beyond a reasonable doubt." *Id.* Thus, Appellant's argument may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015).

> In *Alleyne,* the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. *Alleyne* is an application of the Court's prior pronouncement in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In *Alleyne,* the United States Supreme Court expressly overruled *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial

rights. ***Alleyne*** also implicitly abrogated ***McMillan v. Pennsylvania***, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which withstood an ***Apprendi*** attack in the ***Harris*** decision.

In ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super.2014) (relying upon ***Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*)), we noted that ***Alleyne*** will be applied to cases pending on **direct appeal** when ***Alleyne*** was issued.

***Commonwealth v. Riggle***, 119 A.3d 1058, 1064 (Pa. Super. 2015) (emphasis added).

While this Court has held that ***Alleyne*** applies to cases that were on direct appeal when ***Alleyne*** was issued, we have declined to construe that decision as applying retroactively to cases in which the judgment of sentence has become final.

In concluding ***Alleyne*** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the [***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014)] Court explained:

> Even assuming that ***Alleyne*** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

***Id.*** at 995 (citations omitted) (emphasis supplied).

*Commonwealth v. Ruiz*, 131 A.3d. 54, 58 (Pa. Super. 2015) (emphasis in original). Indeed, our State Supreme Court recently held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

As noted, Appellant's judgment of sentence was imposed on April 28, 2008, and became final on September 22, 2010. *Alleyne* was decided on June 17, 2013. *Alleyne*, 133 S.Ct. at 2151. Appellant's judgment of sentence was finalized years before *Alleyne* was decided. Therefore, Appellant's PCRA petition does not qualify for the new constitutional right exception to the PCRA time bar under *Alleyne*.

Furthermore, the *Hopkins* decision did not announce a "new rule"; rather, it simply assessed the validity of 18 Pa.C.S. § 6317 under *Alleyne* and concluded that particular mandatory minimum sentencing statute is unconstitutional. Nevertheless, even if *Hopkins* announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that *Hopkins* applies retroactively to postconviction petitioners such as Appellant. As noted, Appellant's judgment of sentence became final on September 22, 2010, and *Hopkins* was not decided until June 15, 2015. Consequently, to the extent Appellant attempts to rely on *Hopkins*, he has not satisfied the time-bar exception of Section 9545(b)(1)(iii).

Additionally, we note that although a challenge based on *Alleyne* does implicate the legality of a sentence, "a legality of sentence claim may

nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." **Miller**, 102 A.3d at 995-996. Thus, the PCRA court properly dismissed Appellant's instant PCRA petition as untimely. It was filed beyond the one-year general deadline, and Appellant cannot rely on **Alleyne** or its progeny to invoke the timeliness exception at section 9545(b)(1)(iii).

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/2016

- 10 -